# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTIS C. CARROLL, JR. | : CIVIL ACTION |
| | : |
| v. | : NO. 22-2690 |
| | : |
| LAURA WILLIAMS, KEVIN MADDEN, WARDEN GEORGE W. HILL CORRECTIONAL FACILITY, DELAWARE COUNTY OF PENNSYLVANIA | : |

## MEMORANDUM

**KEARNEY, J.**                                                                 July 28, 2022

The Commonwealth detains Artis C. Carroll, Jr. at the George W. Hill Correctional Facility awaiting a criminal trial in state court. Mr. Carroll has now filed yet another pro se civil rights suit.[1] He claims state actors and the Facility precluded his ability to challenge what he believes to be constitutional infractions.[2] He filed a complaint without paying the filing fee.[3] He asks us to grant him leave to proceed without paying the filing fee.[4] We grant Mr. Carroll leave to proceed without paying the filing fee but must dismiss his case with prejudice as he has no constitutional right to his version of a grievance process and, in fact, brought two other lawsuits challenging the conditions of confinement at the same Facility during the same time frame which we are now separately screening.[5] Mr. Carroll's claim is frivolous, cannot state a claim, and is dismissed with prejudice.

**I.    Alleged pro se facts**

The Commonwealth presently detains Artis C. Carroll at the George W. Hill Correctional Facility. He filed two grievances against the law librarian raising issues about his inability to conduct his own computer research and for denying "envelopes, prints and copies of legal documents" from the Facility's law library.[6] Facility counselor Shawnell George responded to his

grievances.[7] The law library supervisor, Kelly Shaw, prepared the responses.[8] Supervisor Shaw responded, "[i]t is unclear the information you are requesting."[9] Mr. Carroll appealed Supervisor Shaw's grievance decisions.  He complained the Facility did not adequately respond and ignored his grievances.[10] He further demanded the Facility "must grant my demand for relief and/or start settlement negotiations."[11] Facility Warden Laura Williams refused to acknowledge receipt of Mr. Carroll's appeal.[12] Mr. Carroll asked Warden Williams to find out what happened but she did not respond.[13]

**II.      Analysis**

Mr. Carroll sues Warden Laura Williams, the Prisoner Oversight Board Chairman Kevin Madden, the Correctional Facility, and Delaware County.[14] Mr. Carroll claims Chairman Madden and Delaware County violated his rights by failing to supervise, train, and discipline Warden Williams and other prison employees.[15] He hopes to proceed without paying the filing fees. He claims the state actors, the Facility, and the County violate his "First, Fifth, Seventh, Eighth, and Fourteenth Amendment rights to be heard when complaining to the government, access to the Courts, the right to protest and complain, the right to fair prison grievance system, the right to be free from cruel and unusual punishment, mental stress, emotional distress pain and suffering."[16] Mr. Carroll asks for money damages and for us to declare prison officials cannot refuse to participate in his efforts to exhaust administrative remedies.[17]

We turn first to Mr. Carroll's request to proceed without paying the filing fees. We grant Mr. Carroll leave to proceed *in forma pauperis* as he is incarcerated with no source of income and little assets. Congress requires us to dismiss if Mr. Carroll fails to state a claim.[18] We must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[19] We accept the facts alleged in the *pro se* complaint

as true, draw all reasonable inferences in Mr. Carroll's favor, and ask only whether the liberally construed Complaint contains facts sufficient to state a plausible claim.[20] Conclusory allegations do not suffice.[21] Mr. Carroll is proceeding *pro se* and we construe his allegations liberally.[22]

Mr. Carroll seeks money damages and other relief for violation of his constitutional rights arising from his attempt to use the grievance process at the Facility.[23] Congress allows parties to bring federal constitutional claims in federal court.[24] "To state a claim under [section] 1983, a [party] must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[25]

Mr. Carroll's claims based on the handling of his grievances are not plausible. Claims based on the handling of internal grievances fail because incarcerated persons "do not have a constitutionally protected right to a grievance process."[26] The facts alleged by Mr. Carroll about prison officials ignoring his grievances do not give rise to a plausible basis for a constitutional claim and we dismiss his claim with prejudice.[27]

Mr. Carroll's assertion regarding the failure to process his grievances violated his First Amendment right to access to courts is also not plausible. "[An incarcerated person] making an access-to-the-courts claim is required to show that the denial of access caused actual injury."[28] An incarcerated person claiming a denial of access to the courts must allege an injury traceable to the conditions of which he complains.[29] An actual injury occurs when an incarcerated person demonstrates the loss of a "nonfrivolous" and "arguable" claim because of the denial of access to the courts.[30] "[T]he underlying cause of action, . . . is an element that must be described in the complaint."[31] The right to access the courts may be satisfied if the claimant has an attorney.[32]

Mr. Carroll pleads the prison's failure to process his grievances denied him access to the courts. The exhaustion requirement imposed by Congress is an affirmative defense the defendant must plead and prove.[33] The incarcerated person must exhaust administrative remedies available to them.[34] Alleged interference with Mr. Carroll's ability to file grievances at the Facility cannot form the basis of an access to courts claim because exhaustion is not a prerequisite to the filing of a claim in court.[35] We are also aware Mr. Carroll has filed at least two other cases which we are presently screening under section 1915.[36] Mr. Carroll fails to state a claim for denial of access to the courts.

## III. Conclusion

We dismiss Mr. Carroll's claim because the manner the Facility and its officials handed his grievances did not violate his rights, and Mr. Carroll fails to allege he lost an arguable non-frivolous claim because of the described conduct. We dismiss Mr. Carroll's claim with prejudice because any attempt at amendment based on Mr. Carroll's experience with the grievance process would be futile.[37]

---

[1] *See Carroll v. Millersville University of Pennsylvania, et al.*, No. 16-1406; *Carroll v. Wright*, No. 19-238; *Carroll v. Bauman et al.*, No. 19-721; *Carroll v. Madara*, No. 19-2059; *Carroll v. Anders*, No. 19-2060; *Carroll v. Dodszuweit*, No. 21-3369; *Carroll v. McCann*, No. 21-5143; *Carroll v. The Warden of George W. Hill Correctional Facility, et al.*, No. 21-5165; *Carroll v. Delaware County of Pennsylvania, et al.*, No. 21-5289; *Carroll v. The Life Center Eastern Delaware, et al.*, No. 21-5669; *Carroll v. Brennan*, No. 21-5685; *Carroll v. Love, et al.*, No. 21-5691; *Carroll v. Delaware County Court of Common Pleas, et al.*, No. 22-252; *Carroll v. Mallon*, No. 22-848; *Carroll v. George W. Hill Correctional Facility, et al.*, No. 22-1720; *Carroll v. Delaware County Prison, et al.*, No. 22-2110.

[2] ECF Doc. No. 2 at 4 ¶¶ 6-16.

[3] ECF Doc. No. 2.

[4] ECF Doc. Nos. 2, 3, 4.

---

[5] *Carroll v. George W. Hill Correctional Facility, et al.*, No. 22-1720; *Carroll v. Delaware County Prison, et al.*, No. 22-2110.

[6] ECF Doc. No. 2-1 at 1–6.

[7] ECF Doc. No. 2 at 4 ¶ 6.

[8] ECF Doc. No. 2-1 at 1.

[9] *Id.*

[10] ECF Doc. No. 2 at 5–6 ¶¶ 9–10; ECF Doc. No. 2-1 at 1–4.

[11] ECF Doc. No. 2 at 6 ¶ 10.

[12] *Id.* at 6 ¶¶ 11–12.

[13] *Id.* at 7 ¶ 7.

[14] *Id.* at 1–2.

[15] *Id.* at 7 ¶¶ 15–16.

[16] *Id.* at 9 ¶ 17.

[17] *Id.* at 9 ¶ 18.

[18] 28 U.S.C. § 1915(e)(2)(B)(ii).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[20] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[21] *Iqbal*, 556 U.S. at 678.

[22] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[23] ECF Doc. No. 2 at 9 ¶ 18.

[24] 42 U.S.C. § 1983.

[25] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[26] *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*).

---

[27] *See also Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a[n incarcerated person] has no free-standing constitutional right to an effective grievance process, [an incarcerated person] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

[28] *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (citing *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).

[29] *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).

[30] *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

[31] *Id.*

[32] *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977); *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (*per curiam*).

[33] 42 U.S.C. § 1997e(a); *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

[34] *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) ("An [incarcerated person] . . . must exhaust available remedies but need not exhaust unavailable ones.").

[35] *See Shifflett v. Korszniak*, 934 F.3d 356, 365 (3d Cir. 2019) (holding that an administrative remedy is unavailable for exhaustion purposes "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.").

[36] *Carroll v. George W. Hill Correctional Facility, et al.*, No. 22-1720; *Carroll v. Delaware County Prison, et al.*, No. 22-2110.

[37] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).